The opinion of the court was delivered by
McEnery, J.
This suit involves the settlement of the succession of Mrs. Aimée Toledano.
*916 T. S. Fontenot, the administrator, after having sold the effects of the succession, proposed for distribution the sum of $4959.03 among the five sets of heirs.
There is no complaint as to the administration, but there are demands for collation among the heirs for property and money advanced to them by Mrs. Toledano.
The principal contention is as to the property demanded from Mrs. Louis Fontenot for collation. The history of this property is as follows : It is described as a certain plantation situated in this parish, on the east side of Bayou Grand Louis, containing about 600 superficial arpents, bounded north by public road, east by T. C. Bataille, south by land formerly belonging to James M. Thompson, and west by Bayou Grand Louis, with all the buildings and improvements thereon, which property is alleged to be worth not less than $6000.
1. It was originally acquired from her father, Dr. Louis Debaillon, who gave it to her as dotal property by marriage contract of date December 12, 1859.
2. On January 7, 1879, Louis Fontenot (Mrs. Lucille Fontenot joining in the act and consenting to the sale) sold said property to-Mrs. Aimée Toledano.
3. On December 14, 1874, Mrs. Aimée Toledano made a donation inter vivos of this same property to Mrs. Lucille Fontenot, opponent in this case.
4. On March 29, 1881, Mrs. Lucille Fontenot sold a portion of this same property to Samuel Haas.
5. On July 29, 1884, Mrs. Lucille Fontenot donated another portion of this 600-acre tract to her daughter, Marie L. Fontenot.
6. On March 3, 1886, Mrs. Lucille Fontenot sold another part of this 600-acre tract to S. Haas.
7. On February 1, 1887, Mrs. Lucille Fontenot sold to Ohristoval Sylvester another portion of this same land.
8. On February 28, 1888, Mrs. Lucille Fontenot made a donation to Jos. D. Fontenot, her son, of another part of this 600 tract.
9. On April 3, 1888, Mrs. Lucille Fontenot made a donation of a small lot of this same tract to the board of school directors of St. Landry parish.
The question presented is whether Mrs. Louis Fontenot is to return said property to the succession of her mother, or hereafter to the succession of her father, who is still living.
*917 There is no doubt of the fact that the property was acquired by ■donation, in the first instance from her father.
With her consent the husband of Mrs. Louis Fontenot sold the property to Mrs. Toledano, who afterward donated it to her daughter. !
The property always continued in the possession of Mrs. Louis Fontenot. It is alleged by Mrs. Fontenot, and we think it is fully sustained by the evidence in the record, that she was coerced by her husband in making the deed to Mrs. Toledano, and that no money was paid as the price of the sale and that it was a pure simulation, and no title passed, of course, to Mrs. Toledano. The heirs demanding this collation then lose nothing from the succession of Mrs. Toledano, as no money was taken from her estate to pay for this property.
Mrs. Louis Fontenot sued her husband for a separation of property, and obtained a judgment against him for $3500, for the appropriation of her dotal and paraphernal property. This judgment was never executed, and the moneyed part of it, so far as it relates to the money received from Mrs. Toledano for the piece of the property donated to her by her father, is a fiction. It is in evidence and not contradicted that Mrs. Fontenot knew nothing of this suit for separation. It is alleged and admitted that some $1600 was advanced by Mrs. Toledano to the husband of Mrs. Fontenot before the sale and returned to Mrs. Toledano at some subsequent time by the mother-in-law of Mrs. Fontenot.
This sum, it is alleged, formed the consideration of the sale. The wife can not alienate her property for the husband’s benefit, the only exception being that provided by Art. 2361, which authorizes the sale of the dotal immovables, with the authorization of the judge, at public auction, for the purpose of liberating from jail either the husband or wife. It is not claimed that this condition has been complied with. After the property was returned to Mrs. Fontenot, she •sold portions of it to different persons. It is claimed that, as the deed recites, in the description of the property, that she acquired by donation from her mother, she is now estopped from denying the verity of the donation. This donation was only for the purpose of identifying the property, and is not such an admission as to prevent her from showing the true source of her title to the property.
*918 It is also alleged that the opponent, Mrs. Fontenot, is estopped by her acts, silence and acquiescence, admissions and notifications; otherwise she would perpetrate a fraud on her co-heirs by avoiding a collation.
If Mrs. Fontenot’s acts and silence were construed against her, she would be compelled bo make a donation of the same property to two successions, to one of which, that of her mother, she does not owe the collation, as the property never formed a part of her estate.
While the plea of estoppel may be invoked against a married woman to prevent the perpetration of a fraud by her, it certainly can not be used against her to make her a victim, and thus inflict upon her a wrong and an injury.
We have carefully considered the able opinion of the District Judge and his rulings on preceding matters, motions and exceptions, and we are of the opinion that, during the course of the trial, and in the final judgment, he has done full justice to all the parties.
He has endeavored, and we think successfully, to carry out the equality which must naturally be observed among the heirs as required by Art. 1229, O. O.
Judgment affirmed.